# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARNEY GUARINO, derivatively on behalf of FATE THERAPEUTICS, INC.,<br><br>    Plaintiff,<br><br>  v.<br><br>SCOTT WOLCHKO, EDWARD J. DULAC III, SHEFALI AGARWAL, TIMOTHY P. COUGHLIN, ROBERT S. EPSTEIN, ROBERT HERSHBERG, KARIN JOOSS, MICHAEL LEE, JOHN MENDLEIN, WILLIAM RASTETTER, and YUAN XU,<br><br>    Defendants<br><br>  and<br><br>FATE THERAPEUTICS, INC.,<br><br>    Nominal Defendant. | Case No. 3:23-cv-1033-RBM-AHG<br><br>**ORDER GRANTING JOINT MOTION AND STIPULATION FOR A TEMPORARY STAY**<br><br>Courtroom 5B<br>The Honorable Ruth Bermudez Montenegro |

Having considered the Joint Motion and Stipulation For Temporary Stay filed by Plaintiff Barney Guarino ("Plaintiff"), Nominal Defendant Fate Therapeutics, Inc. ("Fate"), and Defendants J. Scott Wolchko, and Edward J. Dulac III, Shefali Agarwal, Timothy P. Coughlin, Robert S. Epstein, Robert Hershberg, Karin Jooss, Michael Lee, John Mendlein, William Rastetter, and Yuan Xu ("Individual

Defendants" and, together with Fate, "Defendants"), and for good cause shown, the Court hereby ORDERS as follows:

1. All proceedings in the above-captioned action (the "Derivative Action") shall be stayed until the resolution of the anticipated motion to dismiss in *Ali Hadian v. Fate Therapeutics, Inc. et al.*, No. 3-23-cv-111-RBM-AHG (S.D. Cal.) (the "*Hadian* Action"), whereupon the stay shall automatically expire.

2. Plaintiff and Defendants in this Derivative Action shall submit a written report to this Court within 30 days after briefing on the anticipated motion to dismiss in the *Hadian* Action is complete.

3. Fate, a Delaware corporation, shall promptly notify Plaintiff of any related stockholder derivative actions or demands for books and records under 8 Del. C. § 220 made upon Fate that concern the same or similar subject matter as the Complaint in this Derivative Action.

4. In the event that (a) a related stockholder derivative action is filed in this District or any other court and (b) that action is not stayed for a period of equal or greater duration to this Derivative Action, Fate shall promptly notify Plaintiff thereof, and Plaintiff may move to lift the stay in this action on ten (10) days' written notice to counsel for Fate via email.

5. Plaintiff may file an amended complaint during the pendency of the stay, but such filing will not affect the pendency of the stay, and Defendants will not be required to move, answer, plead, or otherwise respond to any complaint during the pendency of the stay.

6. Defendants shall have forty-five (45) days following the lifting or expiration of the stay to file a response to the complaint filed in this Derivative Action on June 2, 2023, or any amended complaint filed during the pendency of the stay.

7. During the pendency of the stay, should Fate produce documents in connection with a books and records demand under 8 Del. C. § 220 or another filed or threatened stockholder derivative action concerning subject matter that is related to the subject matter at issue in this Derivative Action, Fate shall also promptly make those documents available to Plaintiff, subject to the execution of a mutually agreeable confidentiality agreement or protective order for the use of such documents by Plaintiff in this Derivative Action.

8. During the pendency of the stay and for one year thereafter, if Fate participates in any mediation with the lead plaintiff in the *Hadian* Action, Fate will mediate with Plaintiff in the same mediation or a separate mediation at or about the same time.

9. During the pendency of the stay and for one year thereafter, if Fate participates in any mediation with any plaintiff in any related stockholder derivative action filed in this District or any other court, Fate will mediate with Plaintiff in the same mediation.

10. Neither Plaintiff, Fate, nor the Individual Defendants waive any rights or defenses not specifically addressed in the Joint Motion and Stipulation for a Temporary Stay, except that Defendants shall not, in this Derivative Action, move to dismiss any causes of action asserted under the Securities Exchange Act of 1934 or any other federal statute on the basis of lack of personal jurisdiction, improper venue, *forum non conveniens*, or under any forum-selection clause.  For the avoidance of doubt, Defendants expressly preserve, and do not waive, all defenses of any kind whatsoever (including, without limitation, enforcement of any forum-selection clause, and excluding only absence of a summons or of formal service pursuant to Fed. R. Civ. P. 4) to any causes of action

arising under state law (including without limitation the Second, Third, Fourth, Fifth, and Sixth Claims in the Complaint).

**IT IS SO ORDERED.**

Dated:  August 14, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE