**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BARNEY GUARINO, Derivatively on Behalf of FATE THERAPEUTICS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT WOLCHKO, EDWARD J. DULAC III, SHEFALI AGARWAL, TIMOTHY P. COUGHLIN, ROBERT S. EPSTEIN, ROBERT HERSHBERG, KARIN JOOSS, MICHAEL LEE, JOHN MENDLEIN, WILLIAM RASTETTER, and YUAN XU,<br><br>Defendants,<br><br>and<br><br>FATE THERAPEUTICS, INC.,<br><br>Nominal Defendant. | Case No. 3:23-cv-01033-RBM-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO CONSOLIDATE RELATED SHAREHOLDER DERIVATIVE ACTIONS, AND APPOINT CO-LEAD COUNSEL**<br><br>[Doc. 15] |

[Additional caption on following page]

| | |
|---|---|
| ANGELA HORROBIN, Derivatively on Behalf of Nominal Defendant FATE THERAPEUTICS, INC.,<br>Plaintiff,<br>v.<br>SCOTT WOLCHKO, SHEFALI AGARWAL, TIMOTHY P. COUGHLIN, ROBERT S. EPSTEIN, ROBERT HERSHBERG, KARIN JOOSS, MICHAEL LEE, JOHN MENDLEIN, WILLIAM RASTETTER, YUAN XU, and EDWARD J. DULAC III,<br>Defendants,<br>and<br>FATE THERAPEUTICS, INC.,<br>Nominal Defendant. | Case No. 3:24-cv-01027-RBM-AHG<br><br>[Doc. 13] |

The Parties have filed Joint Motions to Consolidate Related Shareholder Derivative Actions and Appoint Co-Lead Counsel ("Joint Motions") in two cases, *Guarino v. Wolchko, et al.*, 3:23-cv-01033-RBM-AHG (Doc. 15) and *Horrobin v. Wolchko, et al.*, 3:24-cv-01027-RBM-AHG (Doc. 13) (hereinafter, "the Related Derivative Actions"). For the reasons set forth below the Joint Motions are **GRANTED IN PART** and **DENIED IN PART** as explained below.

The Joint Motion[1] requests the Court: (1) recognize Defendants' stipulation as to service of the complaints in the Related Derivative Actions; (2) consolidate the Related Derivative Actions under Federal Rule of Civil Procedure 42(a) into one

[1] The Parties have filed identical Joint Motions in the Related Derivative Actions. For purposes of this Order, the court cites the Joint Motion filed in *Guarino v. Wolchko*, et al., 3:23-cv-01033-RBM-AHG. (Doc. 15.)

Consolidated Action ("Consolidated Action"); (3) appoint Co-Lead Counsel for the Consolidated Action; (4) stay the Consolidated Action; and (5) consolidate later-filed shareholder derivative actions into the Consolidated Action. The Joint Motions are **GRANTED** as to Defendant's stipulation as to service, consolidation of the Related Derivative Actions, and appointment of Co-Lead Counsel for the Consolidated Action. The Joint Motions are **GRANTED** as to staying the Consolidated Action as indicated below. The Joint Motions are **DENIED** as to consolidation of later-filed shareholder derivative actions.

As to consolidation of later-filed cases, the Parties request the Court issue an order that when any shareholder derivative action that should be consolidated with the Consolidated Action is filed or transferred to this court, the case shall be consolidated. (Doc. 15 at 6–7.) However, this District's Civil Local Rules provide for transfer of related cases to a single judge (CivLR 40.1(e)-(j)), and Rule 42 provides for consolidation when "actions … involve common question[s] of law or fact." The Court is not persuaded that every later-filed or transferred derivative action should automatically be consolidated without a separate court order. Accordingly, this portion of the Joint Motion is **DENIED**.

The Parties move to stay all proceedings in the Consolidated Action until the resolution of a second motion to dismiss filed in the related securities class action, *Hadian v. Fate Therapeutics, Inc.*, et al., 3:23-cv-00111-RBM-AHG. (Doc. 15 at 7–8.) The Parties request the Consolidated Action be subject to the terms of the Court's previous Order staying the *Guarino* action ("Stay Order"). (*Id.* at 7 (citing *Guarino v. Wolchko, et al.*, 3:23-cv-01033-RBM-AHG, Doc. 12).) The Court **GRANTS** the request to stay the Consolidated Action pending resolution of the recently filed motion to dismiss in the *Hadian* action (*Hadian v. Fate Therapeutics, Inc., et al.*, 3:23-cv-00111-RBM-AHG, Doc. 47) and according to the terms of the Stay Order, including that the stay automatically expires when the Court issues a

ruling on the Motion to Dismiss in the *Hadian* action. The Court additionally requires that Defendants shall answer or otherwise respond to the then-operative complaint[2] in the Consolidated Action within thirty (30) days of the Court's ruling on the Motion to Dismiss in the *Hadian* action without further order from the Court.

Accordingly, the Court **ORDERS** as follows:

1. To the extent they have not already been served, the Defendants accept service of the complaints filed in the Related Derivative Actions.

2. The Related Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings, trial, and appeal, under Case No: 3:23-cv-01033-RBM-AHG (the "Consolidated Action"):

| Case Name | Case Number | Date Filed |
|---|---|---|
| *Guarino v. Wolchko, et al.* | 3:23-cv-01033-RBM-AHG | June 2, 2023 |
| *Horrobin v. Wolchko, et al.* | 3:24-cv-01027-RBM-AHG | June 12, 2024 |

3. Every pleading filed in the Consolidated Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE FATE THERAPEUTICS, INC. DERIVATIVE LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | Lead Case No. 3:23-cv-01033-RBM-AHG |

[2] As indicated in the Stay Order, Plaintiffs may file an amended complaint during the pendency of the stay, but Defendants are not required to answer or otherwise respond during the pendency of the stay.

4. All papers filed in connection with the Consolidated Action will be maintained in one file under Lead Case No. 3:23-cv-01033-RBM-AHG.

5. Co-Lead Counsel for plaintiffs for the conduct of the Consolidated Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Email: tbrown@thebrownlawfirm.net

**RIGRODSKY LAW, P.A.**
Timothy J. MacFall
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: tjm@rl-legal.com

6. Co-Lead Counsel shall have the sole authority to speak for plaintiffs in the Consolidated Action in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs in the Consolidated Action. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by any plaintiffs except through Co-Lead Counsel.

8. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Action.

9. When a shareholder derivative action that properly belongs as part of *In re Fate Therapeutics, Inc. Derivative Litigation*, Lead Case No. 3:23-cv-01033-

RBM-AHG, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred to this Court from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any case that might properly be consolidated as part of *In re Fate Therapeutics, Inc. Derivative Litigation*, Lead Case No. 3:23-cv-01033-RBM-AHG, and counsel to the Parties are to assist in assuring that counsel in subsequent actions receive notice of this order.

10. All papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Action.

11. This Order is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions.

12. All proceedings in this Consolidated Action shall be stayed until the resolution of the pending Motion to Dismiss in the Hadian Action, whereupon the stay shall automatically expire, and Defendants shall answer or otherwise respond to the then-operative complaint in the Consolidated Action within thirty (30) days of the resolution of the Motion to Dismiss in the Hadian action.

13. Neither Plaintiffs nor the Defendants waive any rights or defenses not specifically addressed in the Motion, except that Defendants shall not, in this Consolidated Action, move to dismiss any causes of action asserted under the Securities Exchange Act of 1934 or any other federal statute on the basis of lack of personal jurisdiction, improper venue, *forum non conveniens*, or under any forum-selection clause. For the avoidance of doubt, Defendants expressly preserve, and do not waive, all defenses of any kind whatsoever (including, without limitation, enforcement of any forum-selection clause, and excluding only absence of a summons or of formal service pursuant to Fed. R. Civ. P. 4) to any causes of action

arising under state law (including without limitation the Second, Third, Fourth, Fifth, and Sixth Claims in the Complaint).

**IT IS SO ORDERED.**

Dated: November 29, 2024

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE